The document below is hereby signed.

Signed: March 18, 2013



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re ) | |
| ) | Case No. 09-00414 |
| STEPHEN THOMAS YELVERTON, ) | (Chapter 7) |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| MELODY H. FENNEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. |
| ) | 09-10021 |
| STEPHEN THOMAS YELVERTON, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM DECISION AND ORDER DENYING DEBTOR'S APPLICATION
TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

On February 25, 2013, I entered an Amended Order Denying Motion for Summary Judgment reciting that:

> Based on *Brown v. Felsen,* 442 U.S. 127 (1979), it is
> ORDERED that the defendant's motion for summary
> judgment (Dkt. No. 68) is DENIED. The plaintiff need not
> file an opposition to the motion.

The order was an interlocutory order, and could be reviewed by way of an appeal from whatever final judgment ensues in this adversary proceeding.

Nevertheless, on March 8, 2013, the debtor, Stephen Thomas Yelverton, filed a notice of appeal from that interlocutory order.  On the same day he filed an *Application to Proceed in District Court Without Prepaying Fees or Costs*, utilizing Form AO 240 (a form available on the uscourts.gov website), bearing the caption of this adversary proceeding (except the court is listed as the District Court).  The form Yelverton used does not deal with seeking to pursue an appeal *in forma pauperis*, and the *Application* fails to indicate the matter as to which he seeks an order allowing him to proceed without prepaying fees or costs.  Nevertheless, I will assume that the *Application* relates to the notice of appeal filed on the same day, and that the *Application* seeks an order granting leave to pursue that appeal without prepaying, or providing security for, the appeal filing fees (consisting of the $5 fee under 28 U.S.C. § 1930(c) and the $293 fee under item 14 of the Miscellaneous Fee Schedule).  I will further assume that Yelverton is seeking such an order pursuant to 28 U.S.C. § 1915(a)(1) or, alternatively, 28 U.S.C. § 1930(f)(2).

I

I will address first why the *Application* cannot be granted pursuant to § 1915(a)(1).

A

In the main bankruptcy case, Yelverton has been allowed an

2

exemption in the amount of $11,200.  Given that circumstance, it would be inappropriate to grant leave to proceed without Yelverton's posting security for the appeal filing fees.[1]  Yelverton has not yet been paid the $11,200, but it is highly likely that the chapter 7 trustee in the main bankruptcy case will obtain funds of that amount from which the $11,200 would be payable.  The court will allow Yelverton to defer paying the filing fees upon filing, as security for the fees, an irrevocable assignment to the clerk of $298 of the exemption proceeds that directs the trustee to pay to the clerk $298 of the exemption proceeds for satisfaction of the filing fees, with a proposed order, endorsed by Yelverton, that directs the trustee to pay $298 of the exemption proceeds to the clerk pursuant to the assignment for payment of the appeal fees relating to the notice of appeal (Dkt. No. 77) filed on March 8, 2013, in this adversary proceeding and that decrees that based on the assignment Yelverton is relieved of prepaying the fees relating to that notice of appeal.

B

The *Application* must be denied for the additional reason that it fails to address whether Yelverton has any arguable issue of law to raise on appeal.  As this court observed in denying

---

[1] Even if no exemption had been allowed, Yelverton is an attorney and he should have sufficient income at some point in the future that he will be able to pay the filing fee.

3

Yelverton's request for leave to pursue another appeal *in forma pauperis*:

> Appeals from the bankruptcy court to the district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the court of appeals from the district courts . . . ." 28 U.S.C. § 158(c)(2). To the extent that an appellant from a bankruptcy court decree seeks an order pursuant to 28 U.S.C. § 1915 to permit the appeal without *prepayment* of or security for the filing fee, it is appropriate to follow the procedures that apply when an appellant from a district court decree seeks a § 1915 order authorizing pursuit of the appeal without prepayment of the filing fee. Specifically, such an appellant should file in the bankruptcy court a motion that comports with the motion that the appellant would be required to file under Fed. R. App. P. 24 if the appeal were an appeal from the district court to the court of appeals.
> . . . Such **a motion** must, among other things, address the appellant's current financial circumstances, and, for the motion to succeed, **must state issues the appellant intends to pursue on appeal that have at least an arguable basis in law and fact.** *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Cortorreal v. United States*, 486 F.3d 742, (2d Cir. 2007); *Sills v. Bureau of Prisons*, 761 F.2d 792, 794 (D.C. Cir. 1985). The court may consider the views of the appellee (the chapter 7 trustee) on such a motion.

*Memorandum Decision and Order Dismissing Debtor's Apparent Request to Pursue Appeal In Forma Pauperis* (Case No. 09-00414 Dkt. No. 525 dated September 20, 2012) at 3-4. [Footnote omitted; emphasis added.] Yelverton's *Application* fails to provide a statement of the issues that he desires to present on

appeal.[2] Moreover, this court is unaware of any issues that Yelverton could raise on appeal that have at least an arguable basis in law and fact. Even if the fees were paid, dismissal might be required upon the district court's ascertaining that there is no arguable basis for the appeal. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (requiring dismissal, even after appeal fees have been paid, if the appeal is frivolous or malicious). Finally, the appeal is an interlocutory appeal, and Yelverton has not filed a motion under Fed. R. Bankr. P. 8003, for leave to pursue an interlocutory appeal, that shows good reasons why the district court should permit an interlocutory appeal to proceed.

C

If Yelverton fails to pay or post security for the appeal fees, Yelverton is warned that the plaintiff may proceed in the district court to seek a dismissal of the appeal based on that

---

[2] The pertinent form of motion in the United States Court of Appeals for the District of Columbia Circuit for seeking to proceed on appeal without being required to prepay appeal fees or to give security therefor (a form available on that court's website) requires the movant to state:

> I believe I am entitled to relief. The issues that I desire to present on appeal/review are as follows: (Provide a statement of the issues you will present to the court. Attach an additional sheet if necessary.)

Yelverton should have modeled his *Application* on the Court of Appeals form (which specifically deals with leave to pursue an appeal *in forma pauperis*), not the Application *to Proceed in District Court Without Prepaying Fees or Costs* form that he utilized.

5

failure.  Under Fed. R. App. P. 3(e), an appellant must prepay the appeal filing fees.  When an appellant from the district court fails to obtain leave to proceed without prepaying the filing fee (or security therefor), the court of appeals proceeds to dismiss the appeal unless the filing fee is promptly paid.  *See Wooten v. District of Columbia Metropolitan Police Dep't*, 129 F.3d 206, 208 (D.C. Cir. 1997).  By reason of 28 U.S.C. § 158(c)(2) directing that appeals from the bankruptcy court are to be taken in like fashion, failure to pay the filing fee--when an appellant from a bankruptcy court order is not granted leave to appeal without prepayment of the filing fee--should similarly lead to dismissal.

                                II

Turning to 28 U.S.C. § 1930(f)(2), relief is inappropriate under that provision as well.  That statute provides that the court *may* waive fees if the debtor meets certain standards.  In the exercise of the court's discretion, a waiver of fees will be denied.  Yelverton is pursuing an appeal that is doomed to fail.  He has persistently pursued frivolous positions in this court, and allowing him a waiver of fees to pursue a worthless appeal is unwarranted.  Yelverton would be better served devoting his energies to placing his law career on a better footing instead of engaging in time-consuming frivolous litigation.

It is thus

ORDERED that Yelverton's *Application to Proceed in District Court Without Prepaying Fees or Costs* is DENIED, but Yelverton may post security as indicated in this decision.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.