The document below is hereby signed.

Signed: March 28, 2013



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                              )
                                   )   Case No. 09-00414
STEPHEN THOMAS YELVERTON,          )   (Chapter 7)
                                   )
            Debtor.                )
_____    )
                                   )
MELODY H. FENNEL,                  )
                                   )
            Plaintiff,             )
                                   )
      v.                           )   Adversary Proceeding No.
                                   )   09-10021
STEPHEN THOMAS YELVERTON,          )
                                   )   Not for publication in
            Defendant.             )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER
DENYING MOTION TO VACATE DECISION PER RULE 59(e)

The defendant Yelverton seeks to have this court vacate its decision to deny Yelverton leave to appeal this court's order denying his motion for summary judgment without paying the filing fee.

I

The pending appeal is of an interlocutory nature. It is not a final order, as contended by Yelverton, under the "collateral order doctrine" of *Cohen v. Beneficial Indus. Loan Corp.*, 337

U.S. 541, 546-47, 69 S. Ct. 1221, 1225-26 (1949), which provides that an order is immediately appealable where "it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it," and if deferred, the claimed right would be "irreparably" lost.  A denial of summary judgment is an interlocutory order.  *See Ortiz v. Jordan*, 131 S. Ct. 884, 889 (2011) (describing an order denying summary judgment as having an "interlocutory character as simply a step along the route to final judgment" and citing *Cohen v. Beneficial Indus. Loan Corp.*).  Yelverton's claimed right that he is not subject to having a debt owed to the plaintiff Fennel declared nondischargeable is not irreparably lost because all of his legal defenses are preserved for an appeal in the event that this court enters a judgment declaring the debt owed to Fennel to be nondischargeable.  In particular, Yelverton's assertion that res judicata bars this adversary proceeding can be pursued on an appeal if this court enters a judgment declaring the debt nondischargeable.  He has not lost that defense.

II

Yelverton attempts to revisit this court's ruling that res judicata does not bar this adversary proceeding.  That Fennel made no allegations of fraud or related misconduct against Yelverton in the Superior Court of the District of Columbia does not make res judicata applicable.  Fennel is not suing to recover

2

a judgment for fraud or related misconduct, but for a determination that the debt at issue was procured by fraud and thus is nondischargeable.  Yelverton's attempts to distinguish *Brown v. Felsen,* 442 U.S. 127 (1979), are frivolous.

### III

Yelverton seeks also to revisit the denial of a waiver under 28 U.S.C. § 1930(f).  Yelverton does not need to pursue an interlocutory appeal in order to preserve his res judicata argument for an appeal if this court enters an adverse judgment against him.  Not only is there no need for an interlocutory appeal, but, additionally, as this court previously ruled, Yelverton's appeal is frivolous.  In that circumstance, this court was fully authorized in the exercise of its discretion under § 1930(f) to deny Yelverton a waiver of the filing fee for the appeal.

### IV

Ironically, Yelverton argues that a bankruptcy court is not authorized to invoke 28 U.S.C. § 1915(a) to permit an appellant to take an appeal from the bankruptcy court without prepaying the filing fees for the appeal.  If Yelverton were right, that would mean that this court committed no error in deciding that it ought not grant Yelverton leave under § 1915 to take an appeal without prepaying the filing fees.

Yelverton is wrong in contending that this court lacked

authority to act on his § 1915(a) request.  He contends that this court is not a "court of the United States" as defined in 28 U.S.C. § 451, and thus may not hear and decide a § 1915 motion. A bankruptcy court, however, is a unit of the district court, which is a "court of the United States" as defined in 28 U.S.C. § 451, and the bankruptcy court, by way of referral under 28 U.S.C. § 157, exercises the district court's jurisdiction under 28 U.S.C. § 1334 (and no other jurisdiction).  Accordingly, a bankruptcy court has the authority to issue in bankruptcy cases orders which by statute may be granted by the district court in bankruptcy cases as a "court of the United States."  *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 105 (3d Cir. 2008) (the bankruptcy court "is a unit of the district court, which is a 'court of the United States,' and thus the bankruptcy court comes within the scope of § 451."). Although *Perroton v. Gray (In re Perroton)*, 958 F.2d 889, 893–96 (9th Cir. 1992), and other decisions have held that a bankruptcy court lacks authority to waive filing fees under 28 U.S.C. § 1915(a), those decisions, as recognized by *In re Schaefer Salt Recovery, Inc.,* and by this court in *In re McGuirl*, 2001 WL 1798478 (Bankr. D.D.C. Nov. 30, 2001), are unpersuasive.

    Because *Brown v. Felsen* so plainly makes res judicata inapplicable to bar this adversary proceeding, Yelverton's interlocutory appeal has no arguable basis in law and fact as

4

required for a waiver of appeal fees to be granted under § 1915(a).  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cortorreal v. United States*, 486 F.3d 742, (2d Cir. 2007); *Sills v. Bureau of Prisons*, 761 F.2d 792, 794 (D.C. Cir. 1985).

An appeal to the district court is taken in the same manner as an appeal in a civil action to the court of appeals from the district court.  28 U.S.C. § 158(c)(2).  Accordingly, as in the case of an appeal from the district court to the court of appeals, Yelverton is free to seek relief under § 1915(a) from the district court as the appellate court even though this court has denied § 1915(a) relief.  *See Wooten v. District of Columbia Metropolitan Police Dept.*, 129 F.3d 206, 207 (D.C. Cir. 1997) ("Under Rule 24(a), if a district court denies a litigant leave to appeal in forma pauperis, the litigant may file a motion in the court of appeals to proceed in that status within 30 days after service of notice of the district court's action.").

V

For all of these reasons, it is

ORDERED that Yelverton's *Motion to Vacate Decision Per Rule 59(e)* filed on March 27, 2013, is DENIED.  It is further

ORDERED that the clerk shall transmit a copy of this order to the district court.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.